1  CRAIG P. FAGAN, State Bar No. 149556
   **LAW OFFICES OF CRAIG P. FAGAN**
2  4512 4th Street
   La Mesa, CA 91941
3  Telephone: (619) 303-4753
   email: cpfagan@faganlegal.com
4
   Attorneys for all Plaintiffs Farhad Hendi
5  & Jennifer Forss

6

7

8                        UNITED STATES DISTRICT COURT
9
                         CENTRAL DISTRICT OF CALIFORNIA
10

11

12  FARHAD HENDI, an Individual; JENNIFER )     No.
    FORSS, an Individual;                    )
13                                           )     **COMPLAINT   FOR   DAMAGES;**
         Plaintiffs,                         )     **DEMAND FOR TRIAL BY JURY;**
14                                           )
      v.                                     )
15                                           )     _____
    REGENCY   WILSHIRE   HOMEOWNERS )
16  ASSOCIATION,  a  California  Non-Profit )
    Common Interest Development Corporation; )
17  and DOES 1 through 10, Inclusive,        )
                                             )
18       Defendants                          )
                                             )
19  _____ )

20

21
             **COME NOW** Plaintiffs Farhad Hendi and Jennifer Forss ("Plaintiffs") and allege as
22
    follows:
23

24

25

26

27

28

**I.**

## INTRODUCTION

1.      This action seeks monetary, declaratory, and injunctive relief against defendants for refusing to accommodate Plaintiffs' request for a service animal, in the operation of the condominium complex located at 10551 Wilshire Blvd, Los Angeles, CA 90024 (hereinafter "the Subject Property"), and thereby discriminating against Plaintiffs due to a disability, in violation of the Fair Housing Act and/or the Fair Employment and Housing Act, in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§3601 *et seq.*, and related federal and state laws

**II.**

## JURISDICTION AND VENUE

2.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 in that the claims alleged herein arise under the laws of the United States.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of related facts.  Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.  Venue is proper in that the claims alleged herein arose within the City of Los Angeles, Los Angeles County, California.

**III.**

## PARTIES

3.      Plaintiffs Farhad Hendi and Jennifer Forss reside in Los Angeles, Los Angeles County, California.

1    4.    Defendant REGENCY WILSHIRE HOMEOWNERS ASSOCIATION is a California Non-

2    Profit Common Interest Development Corporation, which lists on the California Secretary of State's

3    website its principal place of business being in Los Angeles, Los Angeles County, California.

4

5    5.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-

6    10, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this

7    complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believe and

8    thereon allege that each of the fictitiously named Defendants is responsible in some manner for the

9    occurrences herein alleged, and that Plaintiffs' injuries as herein alleged were proximately caused by such

10   Defendants.

11

12   6.    Each defendant is, and at all times herein relevant was, the agent, employee, or

13   representative of each other defendant, in doing the acts or in omitting to act as alleged in this compliant,

14   was acting within the course and scope of his or her or its actual or apparent authority pursuant to such

15   agency; or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted

16   by each defendant as principal.

17

18                                            **IV.**

19                                         **FACTS**

20

21   7.    In or about 2009, Plaintiff Farhad Hendi purchased a condominium unit at The Regency

22   Wilshire Condominiums in Los Angeles, California (hereinafter "The Subject Property").  The Subject

23   Property is comprised of about 75 units.  Mr. Hendi purchased a unit at the Subject Property, his unit being

24   located at 10551 Wilshire Blvd, Unit #1102, Los Angeles, CA 90024.

25

26   8.    Defendant Regency Wilshire Homeowners Association (RWHOA) is a California Non-

27   Profit Common Interest Development Corporation that operates and manages the Subject Property.

28

RWHOA has its principal place of business located in Los Angeles, Los Angeles County, California.

9.      In July 2021, Mr. Hendi's girlfriend, Plaintiff Jennifer Forss, began to visit him regularly at the Subject Property.  Ms. Forss is disabled and requires a service dog.  When she would visit Mr. Hendi, she would bring her service dog with her to visit. Her service dog is a Maltipoo that weighs about 17 pounds.  She always took care to make sure that her dog behaved, and did not act unruly.

10.      Several weeks after Ms. Forss began to visit Mr. Hendi, on July 22, 2021,  Mr. Hendi received several text messages from the general manager for RWHOA at the property, Yasmin Khosrovani, stating that the Homeowners Association Rules for the property prohibited a guest from bringing a dog to the property for longer than 24 hours.

11.      On July 29, 2021, Mr. Hendi sent a letter to Ms. Khosrovani informing her that Ms. Forss's dog was a service dog, and that disability laws prevented RWHOA from enforcing pet rules against disabled persons requiring a service animal.

12.      Almost two weeks later, Mr. Hendi informed Ms. Khosrovani that Ms. Forss would be moving into his unit and would be living full-time at the property, as Ms. Forss's condominium had flooded, necessitating her to move out of her unit for several months, so that repairs could be made.

13.      Thereafter, on August 12, 2021, Ms. Khosrovani wrote to Mr. Hendi, advising him that the HOA had consulted with their attorneys and had been informed that the Americans for Disabilities Act (ADA) did not apply to private homeowners' associations.  In this letter, Ms. Khosrovani did concede that Fair Housing laws did apply, requiring the HOA to reasonably accommodate a resident with disabilities. However, Ms. Khosrovani proceeded to inform Mr. Hendi that the HOA had no obligation to accommodate Ms. Forss since she was not a resident.

14.     Thereafter, over the next several days, Mr. Hendi had several conversations with Ms. Khosrovani, wherein he advised her that Fair Housing laws applied to both residents and anyone associated with the resident.  Ms. Khosrovani rejected this position, stating that the RWHOA had made its decision. Mr. Hendi asked to meet with the board for RWHOA (hereinafter "the board") to discuss this matter. About a week later, Ms. Khosrovani informed Mr. Hendi that the  board was willing to meet with him.

15.     Thereafter, on August 20, 2021, the RWHOA sent a Notice of Hearing letter to Mr. Hendi, which stated in part, "Based on the information you provided, and after consulting our legal counsel, the HOA has no obligation to grant any exceptions or accommodations to its rules to non-residents."

16.     Thereafter, on September 1, 2021, Mr. Hendi nonetheless met with the board on a Zoom call.  All members of the board were present, except Mrs. Ziba Danielpour.   During this meeting, Mr. Hendi explained to them why the board was required to accommodate his request that Ms. Forss be allowed to keep her dog at the Subject Property while staying with Mr. Hendi.   Mr. Hendi explained that Ms. Forss was disabled, that she required a service animal, and that they qualified, therefore, to have the dog stay with them.  Mr. Hendi went so far as to inform the board that the Fair Housing Act even covered visitors to a property, not just residents.  He then read them applicable law that supported his position, which demonstrated that the HOA was required to accommodate Ms. Forss's request to have a service dog assist her with her disability, and that the HOA could be liable if they unreasonably denied this request. Mr. Hendi also informed the board that he had previously told Ms. Khosrovani that Ms. Forss had been living with him full-time since the second week of August 2021 due to the flooding situation with Ms. Forss's condominium.   Mr. Hendi advised the board that Ms. Forss would be living with him as long as it took to repair her unit, which could take many months.

17.     At the conclusion of this meeting, the board informed Mr. Hendi that they were going to get their attorneys involved.  Mr. Hendi responded by informing the board that the law called for an interactive process in order to resolve issues, and he didn't want to deal directly with the RWHOA's

attorneys. He stated that he had no problem with them consulting their lawyers, but he only wanted to deal with the board.

18.     Unfortunately, RWHOA ignored this request.   Thereafter, on September 15, 2021, RWHOA's attorneys wrote directly to Mr. Hendi, rejecting his request for a reasonable accommodation for Ms. Forss's service dog, stating that compliance was not required since Ms. Forss was not a resident.

19.     Thereafter, RWHOA informed Mr. Hendi that he had been fined $200 due to the presence of Ms. Forss's dog at the Subject Property.

20.     Next, on September 29, 2021, RWHOA's lawyers sent another letter to Mr. Hendi, informing him that, even if Ms. Forss's dog was a service dog, Mr. Hendi had failed to provide proof that the dog was a trained service dog.

21.     Thereafter, Mr. Hendi delivered a request for Alternative Dispute Resolution (ADR) to Ms. Khosrovani.  Mr. Hendi suggested that the best way to resolve this dispute would be to hire a mediator who was familiar with reasonable accommodation cases.  Ms. Khosrovani refused the request.

22.     Thereafter, a second HOA meeting was set for October 11, 2021.  Mr. Hendi was invited to attend. Prior to attendance, Mr. Hendi submitted his written position to the board, laying out his argument, while advising the board that he would not be attending the Zoom conference.   In this letter, Mr. Hendi meticulously outlined his argument in favor of allowing Mr. Forss's service animal.  He explained that RWHOA was breaking the law by refusing to allow Ms. Forss's service dog.   Mr. Hendi concluded his letter by asking that RWHOA agree to participate in a mediation.

23.     Thereafter, on October 11, 2021, RWHOA's attorneys wrote to Mr. Hendi, accepting his offer to mediate the matter.

1       24.     Next, on October 13, 2021, RWHOA wrote directly to Mr. Hendi, asking Mr. Hendi to

2   remove Ms. Forss's dog from the Subject Property, claiming that applicable laws did not apply to Ms.

3   Forss since she was a visitor and not a resident.   In this same later, RWHOA informed Mr. Hendi that

4   RWHOA would begin fining him $100 a day until Ms. Forss removed her dog from the Subject Property.

5

6       25.     In response, Mr. Hendi sent an email to RWHOA asking for law that supported its right to

7   fine him $100 a day.   Mr. Hendi also reiterated that he would like to see applicable law that supported

8   RWHOA's position that the law did not require RWHOA to reasonably accommodate Mr. Forss's request

9   for a service animal since she was not a resident.   Neither RWHOA nor their attorneys responded to either

10  request.

11

12      26.     Thereafter, on October 20, 2021, Mr. Hendi and Ms. Forss went to see Ms. Khosrovani in-

13  person, so that Ms. Khosrovani could meet Ms. Forss.   At this meeting, Mr. Hendi informed Ms.

14  Khosrovani that he and Ms. Forss had recently become engaged, and that Ms. Forss and her service dog

15  would now be living with him permanently.   At this meeting, Ms. Khosrovani asked Ms. Forss to sign

16  a document that is required to be signed by all residents to use the pool, Jacuzzi, and gym, and to follow

17  the rules related, thereto.  Ms. Forss complied and signed the requested documents.

18

19      27.     Thereafter, the parties agreed to mediate the matter.  On February 22, 2022, the parties

20  attended a mediation together with mediator Lora Silverman.   At the conclusion of the mediation, it

21  appeared that Ms. Silverman had convinced RWHOA to grant the reasonable accommodation of Plaintiffs.

22  At the conclusion of the mediation, RWHOA requested that Plaintiffs supply it with a letter from a doctor,

23  proving that Ms. Forss was disabled and required a service dog.

24

25      28.     On February 27, 2022, Mr. Hendi emailed two letters to RWHOA.  The first letter was from

26  Ms. Forss's doctor - William Gerald Lang, M.D. - attesting that Ms. Forss was disabled and required a

27  service dog, which he had prescribed for her.  Mr. Hendi's second letter to the board reiterated that Ms.

28

Forss was now living with him full-time, asking that Ms. Forss's reasonable accommodations request for a service animal be granted, and that all prior fines levied against him for the presence of Ms. Forss's dog be waived since they should not have been levied in the first place.

29.     Thereafter, on March 9, 2022, RWHOA's lawyers wrote to Mr. Hendi accusing him of being disingenuous about how long Ms. Forss had been living at the Subject Property full-time.   The letter proceeded to argue that Ms. Forss was only a guest for an extended time in the past, and not a resident. This letter also argued that the letter from Dr. Lang attesting to Ms. Forss's disability and need for a service dog was insufficient, claiming that a form entitled "Reasonable Accommodation Request Verification" must be filled out;  A simple letter from a doctor was not enough.   RWHOA's lawyers proceeded to attach the form to the email, asking Plaintiffs to have it completed and returned.

30.     This same letter from RWHOA's lawyers also stated that Ms. Forss would be required to prove that she was a resident, and thereafter had to seek a reasonable accommodation from the board.  The letter next stated, ". . . [P]lease also be aware that California recently enacted a new law to curb emotional support animal fraud."    The letter next stated that once both requirements were met, it would review the form and make a decision on whether to accommodate the request that Ms. Forss be allowed to have a service dog.

31.     The letter concluded by stating that RWHOA was not willing to waive all past fines that had been levied against Mr. Hendi due to the presence of Ms. Forss's service animal.  The letter stated that RWHOA had instructed its lawyers to "immediately commence the appropriate legal procedures to collect these properly imposed fines and penalties, as well as all attendant attorney's fees and costs."   The letter concluded by stating that the only way to avoid these charges and fees was for Mr. Hendi to voluntarily agree to pay all fines and penalties. The letter stated that Plaintiffs had five days to comply with all requests in the letter.

32.     On March 14, 2022, Mr. Hendi sent an email in response to the March 9, 2022-letter, refuting the claims made in the letter.  Mr. Hendi's email also referenced applicable law, which showed that RWHOA was required to grant the reasonable accommodation request by Plaintiffs.  Mr. Hendi concluded his email by asking for a response to his substantive request by March 18, 2022.

33.     On March 18, 2022, RWHOA's lawyer emailed Mr. Hendi, acknowledging that he had received Mr. Hendi's March 14, 2022, email.  However, there was no substantive response to Mr. Hendi's request that their reasonable accommodation be granted.

34.     On March 25, 2022, Mr. Hendi demanded a response to his March 14, 2022 by March 31, 2022, or else he would file a lawsuit.

35.     On March 31, 2022, RWHOA's lawyers wrote to Mr. Hendi, asking for additional information about Ms. Forss's dog.  In particular, the letter asked for information about the training received by the dog and the basis for it being designated a service animal and the nexus/relationship between the claimed disability and the requested accommodation.  This letter made no attempt to address the substantive concerns raised in Mr. Hendi's March 14, 2022, email.

36.     On April 1, 2022, Mr. Hendi wrote to RWHOA's lawyers, explaining that they had legally complied with all requirements to receive a reasonable accommodation.  The letter concluded by stating that they would sue if the request for an accommodation was not granted by April 6, 2022.     On April 6, 2022, RWHOA's lawyers wrote to Mr. Hendi, essentially blaming him for all problems related to the entire process.  There was no attempt to substantively respond to Mr. Hendi's concerns.  As such, this action has been filed.

**V.**

**INJURIES**

37.     By reason of defendants' unlawful acts and practices, Plaintiffs have suffered loss of important housing opportunities, deprivation of the full use and enjoyment of her tenancy, and severe emotional distress and physical injury, humiliation and mental anguish, fear, stress, including bodily injury such as stomach aches; head aches; sleep loss; feelings of depression, discouragement, anger, and nervousness; and reliving the experience; and other special and general damages according to proof.

38.     In doing the acts of which plaintiffs complain, Defendants and its agents and employees intentionally or recklessly violated Plaintiff's rights.  Accordingly, Plaintiff is entitled to punitive damages.

**VI.**

**FIRST CLAIM**

**(Fair Housing Act)**

39.     Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

40.     In committing the acts herein above alleged, Defendants REGENCY WILSHIRE HOMEOWNERS ASSOCIATION and Does 1 through 10 (hereinafter collectively "Defendants") injured Plaintiffs by failing to reasonably accommodate Plaintiff Jennifer Forss's disabilities, and failing to thereby allow Plaintiffs to have a service animal to assist Ms. Forss with her disability, such actions being in violation of the Fair Housing Act, 42 U.S.C. §3601 *et seq.*, including 42 U.S.C. §3604(f).

41.     As a proximate result of Defendants' violations enumerated above, Plaintiffs have been damaged in amounts which are subject to proof, but not less than $50,000 as against each Defendant named.  By committing the actions hereinabove alleged, all Defendants committed discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C. §3601 *et seq.*, namely, by failing to reasonably

accommodate Plaintiffs' request for a service animal in violation of 42 U.S.C. §3601 *et seq.*

## SECOND CLAIM

### (California Fair Employment and Housing Act)

42.     Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

43.     In committing the acts herein above alleged, Defendants REGENCY WILSHIRE HOMEOWNERS ASSOCIATION and Does 1 through 10 (hereinafter collectively "Defendants") (Hereinafter "Defendants")  injured Plaintiffs by failing to reasonably accommodate Plaintiff Jennifer Forss's disability, and failing to thereby allow Plaintiffs to have a service animal to assist Ms. Forss with her disability, such actions being in violation of the California Fair Employment and Housing Act, California Government Code §§12927 and 12955 *et seq.*, including Govt. Code §12955(d).

44.     As a proximate result of Defendants' violations enumerated above, Plaintiffs have each been damaged in amounts which are subject to proof, but not less than $50,000 as against each Defendant named.

## THIRD CAUSE OF ACTION

### (Negligence)

45.     Plaintiffs reallege and incorporate by reference the above-referenced paragraphs of the complaint herein.

46.     Defendants REGENCY WILSHIRE HOMEOWNERS ASSOCIATION and Does 1 through 10  (Hereinafter "Defendants") owed Plaintiffs a duty to operate the Subject Property in a manner that was free from unlawful disability discrimination, and to hire, train, supervise, and discipline their employees and board members as well as themselves to fulfill these duties.  Defendants negligently violated these duties by refusing to allow  Plaintiff Jennifer Forss to have a service animal

to assist her with her disability.  Defendants' violation of that duty was the result of negligence, including, but not limited to:

        A.      Defendants' negligent failure to hire persons who were familiar with the requirements of state and federal fair housing laws, which prohibit discrimination based upon disability;

        B.      Defendants' negligent failure to train their employees and themselves regarding the requirements of state and federal fair housing laws, which prohibit discrimination based upon disability;

        C.      Defendants' negligent failure to supervise their employees regarding compliance with the requirements of state and federal fair housing laws, which prohibit discrimination based upon disability; and

47.      As a legal result of Defendants' negligent conduct, Plaintiffs suffered the violation of their rights, deprivation of the full use and enjoyment of their tenancy, invasion of the private right of occupancy, and has been discriminated against upon the basis of Ms. Forss's disability,  and suffered bodily injury, including humiliation, physical and emotional distress.   Plaintiffs have suffered emotional damages in the amount to be proven at time of trial.

## VII.

## PRAYER FOR RELIEF

    WHEREFORE, Plaintiffs Farhad Hendi and Jennifer Forss request entry of judgment against Defendants Regency Wilshire Homeowners Association and Does 1 - 10 (hereinafter collectively "Defendants") that:

1.    Awards compensatory damages according to proof;

2.    Declares that Defendants have violated the provisions of the applicable state and federal fair housing laws;

3.    Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants regardless of disability;

4.    Awards costs of suit herein incurred;

5.    Awards reasonable attorneys' fees under state and federal fair housing laws;

6.    Awards statutory damages to plaintiff pursuant to the Unruh Civil Rights Act;

7.    Awards reasonable attorney's fees pursuant to 42 U.S.C. 3613(c)(2); CA. Govt. Code §12965(b);  CA Govt. Code 12989.2; and

8.    Awards all such other and further relief as the court may deem proper.

Dated: July 5, 2022                                    LAW OFFICES OF CRAIG P. FAGAN


                                                       By: /s/Craig P. Fagan
                                                       Craig P. Fagan
                                                       Attorneys for Plaintiffs
                                                       Farhad Hendi & Jennifer Forss



**VIII.**

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby request a trial by jury.

1   Dated: July 5, 2022                         LAW OFFICES OF CRAIG P. FAGAN

2

3                                               By: /s/Craig P. Fagan
                                                Craig P. Fagan
4                                               Attorneys for Plaintiffs
                                                Farhad Hendi & Jennifer Forss
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28